UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL WILBOURN, | ) | Civ. 12-4186-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER DENYING MOTION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, James Michael Wilbourn, moves pro se to vacate his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is denied.

## BACKGROUND

On October 20, 2010, a jury found Wilbourn guilty of conspiracy to distribute 50 grams or more of a mixture or substance containing cocaine base. The court denied Wilbourn's motion for a judgment of acquittal and for a new trial. At the first sentencing hearing on January 13, 2011, the court found that Wilbourn's conduct involved a lower quantity of drugs than the quantity found by the jury, and ordered that the presentence report (PSR) be updated to reflect a quantity of 4.87 grams. The sentencing was continued until September 9, 2011, when Wilbourn was sentenced to 41 months in prison. The Eighth Circuit affirmed the conviction and sentence. *United States v. Wilbourn*, No. 11-3056, 2012 WL 1957889 (8th Cir. June 1, 2012).

Wilbourn then filed this motion to vacate his sentence. On January 28, 2013, Wilbourn signed an authorization for his trial counsel to disclose confidential communications. Wilbourn's counsel filed an affidavit responding to the allegations of ineffective assistance of counsel asserted by Wilbourn in his motion to vacate. Wilbourn filed thirteen supplemental pleadings before the United States filed its response to his motion to vacate, and he filed seven replies to the United States's response. More recently, Wilbourn filed a motion for hearing (Docket 48) and a motion for summary judgment (Docket 49).

The grounds raised by Wilbourn in his motion to vacate are: (1) ineffective assistance of counsel for failing to request a recess to review evidence that was untimely disclosed by the government; (2) ineffective assistance of counsel for failing to recall and impeach witnesses after the government disclosed the evidence; and (3) ineffective assistance of counsel for failing to object to PSR paragraphs 8 and 13 during the first sentencing hearing. In subsequent pleadings, Wilbourn added claims that his lawyer was ineffective for failing to argue for a mitigating role reduction and that the prosecutor knowingly used perjured testimony at the trial.

**DISCUSSION**

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

## I.     Procedural Default of Prosecutorial Misconduct Claim

Wilbourn argues that his co-defendant, Andre Gilbert, testified falsely at Wilbourn's trial about a controlled buy that took place with a confidential informant (CI) on July 20, 2009, and that the government knowingly offered this perjured testimony to obtain Wilbourn's conviction.[1] The government argues that Wilbourn procedurally defaulted this claim because he failed to raise it in his direct appeal.

The right of collateral review is an extraordinary remedy and "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Under the doctrine of procedural default, issues that could have been, but were not, raised on direct appeal are waived and cannot be asserted for the first time in a collateral § 2255 action absent a showing of cause and actual prejudice, or a showing of actual innocence. *See United States v. Bailey,* 235 F.3d 1069, 1071–72 (8th Cir. 2000).

---

[1] Prior to trial, Gilbert pleaded guilty to distributing crack cocaine. At Wilbourn's trial, Gilbert testified that Wilbourn told him the CI was going to stop by to purchase $100 worth of crack cocaine and that Gilbert gave Wilbourn a package of crack cocaine to complete the transaction.

3

Wilbourn contends that he did not procedurally default this claim because Gilbert's allegedly false testimony was raised on pages 15 and 16 of Wilbourn's Eighth Circuit brief. In his appeal, Wilbourn raised the issue of Gilbert's testimony in the context of his argument that the existence of a conspiracy involving Gilbert and Wilbourn was not supported by the evidence. In his § 2255 petition before this court, however, Wilbourn now seeks to shift the focus of Gilbert's testimony to a prosecutorial misconduct claim. This claim is procedurally defaulted because Wilbourn has not established cause and prejudice, and he has failed to establish actual innocence.

Even if Wilbourn's prosecutorial misconduct claim were not defaulted, it would fail because he has not met the required showing that: "(1) the prosecution used perjured testimony; (2) the prosecution should have known or actually knew of the perjury; and (3) there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict." *United States v. Funchess*, 422 F.3d 698, 701 (8th Cir. 2005) (citing *United States v. Peterson*, 223 F.3d 756, 763 (8th Cir. 2000)).

## II.   Ineffective Assistance of Counsel

Wilbourn asserts that his lawyer, Scott Leuning, made four errors that rendered him ineffective. A defendant who claims to have been deprived of effective assistance of counsel must show: (1) that his lawyer's representation fell below an objective standard of reasonableness; and (2) that the lawyer's

4

deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). For the first requirement of the *Strickland* test, "the court must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (internal citation and quotation marks omitted). The court must indulge a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Hunter v. Bowersox*, 172 F.3d 1016, 1024 (8th Cir. 1999) (quoting *Strickland*, 466 U.S. at 689).

### A. Admission of Exhibits 6 Through 10 Without Seeking a Recess.

In Wilbourn's first ineffective assistance of counsel claim, he asserts that Leuning should have requested a recess or a continuance when the government offered exhibits 6 through 10 (photographs depicting the layout of Roy Watkins's apartment where the controlled buy took place on July 20, 2009). The photographs were produced by the government on the second day of trial during the government's re-direct examination of William Watkins, after Leuning had questioned William Watkins and two other witnesses about the layout of the apartment and where the witnesses were located within the apartment at the time of the purchase. The photographs had not been

disclosed by the government prior to trial. Wilbourn argues that Leuning should have requested time to review the photographs.

Whether or not to request a recess is a matter of trial strategy. Courts must give great deference to counsel's informed strategic decisions. *See Middleton v. Roper*, 455 F.3d 838, 848–49 (8th Cir. 2006); *Laws v. Armontrout*, 863 F.2d 1377, 1393 (8th Cir. 1988). In his affidavit, Leuning explains that the photos were not complex and they "simply provided visual confirmation of the testimony that had been elicited from the witnesses during trial. . . ." Docket 28 at ¶ 7. He conferred with Wilbourn, who confirmed that the images contained in the photographs were indeed images of the inside of Roy Watkins's apartment, and Leuning felt there was no reason to request a recess. Leuning's reasonable decision to proceed without a recess to review the photographs does not amount to ineffective assistance of counsel, and this claim is denied.

**B.  Failure to Recall Witnesses.**

Next, Wilbourn claims that Leuning was ineffective for not recalling witnesses Laurie Stephanson and Andre Gilbert after the photographs of the apartment were produced and admitted into evidence. Stephanson and Gilbert testified on the first day of trial. Stephanson, the CI, testified that she sat at the dining room table between Wilbourn and Gilbert during the controlled buy. Gilbert, the co-defendant, testified that he sat on the couch in the living room

6

and the transaction only involved Stephanson and Wilbourn. On the second day of trial, Watkins testified that he sat on the couch in the living room while Gilbert, Wilbourn, and Stephanson stood in the entry hallway and conducted the transaction. The photographs of the apartment were produced for the first time by the government during the re-direct examination of Watkins. Leuning's cross-examinations of Stephanson, Gilbert, and Watkins focused on their inconsistent statements and on the layout of the apartment. Wilbourn argues that Leuning should have recalled Stephanson and Gilbert to impeach their testimony with the photographs. Specifically, Wilbourn says that Leuning should have impeached Stephanson about buying drugs with Gilbert and about using drugs with William Watkins, and that he should have impeached Gilbert about not being involved with the drug buy. *See* Docket 41. These areas of impeachment, however, do not relate to photographs of the apartment, and Wilbourn has failed to explain how Leuning would have used the photographs to impeach the testimony of Stephanson and Gilbert.

Counsel's decision whether to call a witness is trial strategy. *Johnson v. Lockhart*, 921 F.2d 796, 799 (8th Cir. 1990). Leuning stated in his affidavit that "there was no need to recall either Gilbert or Stephenson to the witness stand, as I had already questioned each of them thoroughly regarding the layout of the apartment and their location within the apartment during the time in question." Docket 39 at ¶ 7. Recalling Stephanson or Gilbert to rehash

the same testimony using the photographs would have been cumulative of other testimony presented, and Leuning's performance was not deficient. *See Hall v. Luebbers*, 296 F.3d 685, 694 (8th Cir. 2002) (impact of additional notes, letters, or witness testimony would be minimal since it was cumulative).

Even if Wilbourn could establish that Leuning was deficient for failing to recall Stephanson and Gilbert, Wilbourn cannot establish that he suffered prejudice because there is no evidence that the outcome of the trial would have been different had counsel recalled the witnesses. *See Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) (even if counsel's performance was deficient, the movant must also establish prejudice by showing the result of the proceeding would have been different if counsel had not erred). The jury heard the inconsistent testimony regarding the location and actions of the people within the apartment at the time of the controlled buy. In addition, the Eighth Circuit held that Wilbourn's own statements, recorded by the CI during the drug buy, supported his knowledge of the drug conspiracy, and that his membership in a drug conspiracy could be inferred from his conduct described by numerous witnesses at trial. Therefore, this court concludes that the outcome of the trial would not have been different if counsel had been able to use the photographs of the apartment to impeach the testimony of Stephanson and Gilbert. Because Wilbourn is unable to establish that he suffered any prejudice, his claim fails.

Wilbourn emphasizes the fact that Leuning moved for a new trial based on the government's failure to produce the photographs of the apartment prior to trial.² Leuning argued in support of the motion for new trial that the photographs were crucial evidence that would have assisted the cross-examination of Stephanson and Gilbert, and that the government's failure to produce the photographs violated *Brady v. Maryland*, 373 U.S. 83 (1963). But Leuning did not explain how the photographs would have assisted the cross-examination, and a review of Leuning's cross-examinations of Stephanson and Gilbert convinces this court that Wilbourn was not prejudiced by Leuning's failure to recall Stephanson and Gilbert after the photographs were produced.

## C. Failure to Object to PSR Paragraphs 8 and 13 During the First Sentencing Hearing.

In his third claim, Wilbourn argues that Leuning should have objected to paragraphs 8 and 13 of the PSR during the first sentencing hearing on January 13, 2011. The record shows that Leuning made a written objection to paragraph 13 on December 23, 2010, and argued in favor of that objection at the first sentencing hearing on January 13, 2011. Accordingly, any ineffective assistance claim based on a failure to object to paragraph 13 of the PSR does not entitle Wilbourn to relief.

---

² The fact that Leuning requested a new trial on this ground supports the court's conclusion that he was a diligent and conscientious advocate for Wilbourn.

9

Paragraph 8 of the PSR addresses the drug quantity of crack cocaine sold during the controlled buy at Roy Watkins's apartment on July 20, 2009. The original drug quantity in paragraph 8 was 1.2 grams and it was later reduced to 0.87 grams.[3] In his affidavit, Leuning stated that he felt it was the best strategic decision not to object to paragraph 8 of the PSR because everyone agreed Wilbourn was present in the apartment at the time of the controlled drug buy. Although he did attempt to have all of paragraph 8 stricken from the PSR at the second sentencing, the court held the request was untimely.

An objection to paragraph 8 would have been meritless. The defense strategy in this case was to acknowledge that Wilbourn used drugs, but to challenge his involvement in a conspiracy to sell drugs. In the face of the evidence against Wilbourn, this was a reasonable strategy. Once the jury determined Wilbourn was guilty of conspiracy to distribute cocaine base, there was no basis for counsel to challenge the drug amount in paragraph 8. It was impossible to challenge the fact that Wilbourn was present during the controlled drug buy when everyone agreed he was there and his voice is on the recording. Because of this evidence, the court would have overruled an

---

[3] Prior to the second sentencing hearing, Leuning realized the chemist's analysis was wrong, and the actual amount was 0.87 grams instead of 1.2 grams. He notified the probation officer and the PSR was adjusted to reflect the correct quantity.

objection to paragraph 8. Leuning's decision not to object to paragraph 8 at the first sentencing hearing is the sort of reasoned strategic decision of counsel that is "virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Moreover, in order for Wilbourn to show that he suffered prejudice as a result of counsel's ineffectiveness at sentencing, he must show that there is a reasonable probability that, but for counsel's errors, the sentencing would have been different. *See Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). There is no evidence that, but for Leuning's failure to object to paragraph 8, Wilbourn would have received a lesser sentence.[4] As a result, this ineffective assistance of counsel claim must be denied.

### D. Failure to Argue for a Mitigating Role Reduction.

Wilbourn alleges in his final claim that Leuning failed to argue for a mitigating role reduction. This claim clearly lacks merit because Leuning did, in fact, argue for such a reduction. *See* Docket 208 at 9–12. The request for a decrease was considered but rejected by this court. *Id.* at 13–14. That the court overruled the objection does not mean counsel was constitutionally ineffective, and relief on this claim is denied.

---

[4] In fact, Leuning's performance resulted in a much lower sentence for Wilbourn who faced a 20-year mandatory minimum sentence based on the jury's finding that he conspired to sell over 50 grams of crack cocaine. Leuning successfully argued that the court could sentence Wilbourn below the mandatory minimum, and convinced the court to attribute to Wilbourn only the drug amounts that he personally handled. With only 4.87 grams of crack attributed to Wilbourn, the court sentenced him to 41 months in prison.

**III.    Evidentiary Hearing and Certificate of Appealability**

If the motion, files, and records of the case conclusively establish that the petitioner is not entitled to relief, the court is not required to conduct an evidentiary hearing. *See Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012). There is no need for an evidentiary hearing in this case because it is clear from the record that Wilbourn's claims do not warrant relief under 28 U.S.C. § 2255.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court determines that Wilbourn has not made a substantial showing of the denial of a constitutional right and a certificate of appealability will not be issued. It is therefore

ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket 1) is denied.

IT IS FURTHER ORDERED that a Certificate of Appealability will not issue on the claims raised in the § 2255 motion.

IT IS FURTHER ORDERED that the motion for hearing (Docket 48) and motion for summary judgment (Docket 49) are denied.

Dated August 28, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE